IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,     :

      Plaintiff,              :

   v.                            :     Case No. 2:04-cv-0764

Real Property Known and       :     MAGISTRATE JUDGE KEMP
Numbered as 1731-1735 North
Fourth Street, Columbus,      :
Franklin County, Ohio,
                      :

      Defendant.

REPORT AND RECOMMENDATION

This property forfeiture action is before the Court on claimant All Columbus Management, Inc.'s ("ACM") motion to set aside forfeiture. The undersigned raises *sua sponte* the question of whether this motion, made in a case previously referred to the Magistrate Judge pursuant to consent of the parties (but not the current movant) can be decided in the first instance by the Magistrate Judge. For the following reasons, the Court recommends that pursuant to 28 U.S.C. §636(c)(4), the Order of Reference giving this Court jurisdiction to hear the matter be withdrawn because ACM has not consented to jurisdiction. Further, the Court recommends that ACM's motion to set aside forfeiture be denied.

I.

On August 17, 2004, plaintiff United States of America filed a complaint under 18 U.S.C. §981(a)(1)(A) against the Real Property Known and Numbered as 1731-1735 North Fourth Street, Columbus, Franklin County, Ohio ("real property") alleging that the "real property was used to conduct or attempt to conduct financial transactions knowing that the transactions were designed in whole or part to conceal or disguise the nature, location, source,

ownership, or control of the proceeds of the specified unlawful activity ....” (Complaint at ¶1(a).) According to the affidavit of probable cause attached to the complaint, there appears to be a series of transactions surrounding the sale of the real property involving Mr. Davidson, Lewis W. Dye and Donald E. Truss. However, the complaint states that the real property's record owner was Hubert I. Davidson.

On January 3, 2005, by the consent of both the United States of America and Mr. Truss, and pursuant to 28 U.S.C. §636(c), the case was referred to the Magistrate Judge for full disposition. On April 19, 2006, the Court, pursuant to a settlement agreement, entered a judgment and decree of forfeiture giving all rights, title and interest to the United States of America. Subsequently, on July 31, 2006, ACM filed a motion to set aside forfeiture claiming, *inter alia*, that the United States did not obtain jurisdiction over Mr. Davidson because the United States failed to perfect proper service of process. (Motion to Set Aside Forfeiture (doc. #25) at p. 8.) As a result, ACM claims that because it acquired fee simple title to the real property during the pendency of this forfeiture action, lis pendens never attached and ACM has an interest in the real property which takes priority over the United States' interest. (<u>Id.</u>)

The Court will now determine whether the Magistrate Judge can rule on the motion to set aside forfeiture or whether the Order of Reference must be withdrawn because ACM has not consented to the Court's jurisdiction under 28 U.S.C. §636(c). The Court will also examine whether ACM has standing to challenge the forfeiture action.

II.

The precise issue in this case appears to have been the subject of litigation in other circuits. For example, in <u>United States v. Lido Motel, 5145 North Golden State Blvd.</u>, 135 F.3d 1312

2

(9th Cir.1998), the government initiated a civil forfeiture proceeding against the Lido Motel because there was evidence of the sale of crack cocaine on the premises. Kanubhai Patel owned and operated the Lido Motel and was subsequently arrested in connection with the criminal activity. In seeking forfeiture of the property, the government sent a copy of the complaint and summons to Mr. Patel at his place of incarceration and to Mr. Patel's criminal defense attorney, Marc Stefano. Mr. Patel claimed, however, that he never received notice of the forfeiture action.

Mr. Stefano discussed the forfeiture action with Mr. Patel's sister and brother-in-law, both of whom had a financial interest in the property. The government, Mr. Patel's sister and the brother-in-law consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. §636(c)(1). Ultimately, the government obtained a judgment of forfeiture over the property.

Several months later, Mr. Patel, who was not a named party to the forfeiture proceeding, filed a series of suits in the district court to set aside forfeiture claiming, *inter alia*, that he did not consent to the magistrate judge's jurisdiction and that his due process rights were violated. The magistrate judge entered judgment against Mr. Patel, and Mr. Patel appealed. The Court of Appeals affirmed, opining that Mr. Patel failed to comply with the requisite filing requirements to claim an interest in the property. The Court of Appeals stated:

> The Seventh Circuit, however, has come closest to addressing the issue presented by this case. In *Dodson Street*, a Seventh Circuit panel found that, absent the filing of a claim to a property subject to forfeiture, a putative claimant is not a party to the action. On that basis, the court concluded that the claimant lacked standing to seek relief from a default judgment under Federal Rule of Civil Procedure 60(b). The circumstances of the present case are closely analogous. Like Federal Rule 60(b), the

statute conferring authority on the magistrate judge requires the consent only of "the parties."  Under the logic of *Dodson Street*, Patel's failure to comply with the applicable filing requirements precluded his standing as a "party" to the action and made it unnecessary to obtain his consent to the magistrate judge's jurisdiction.

The Seventh Circuit's approach is supported by precedent in other circuits and by some policy considerations.  As indicated by the cases cited above, circuit courts consistently have held claimants to strict compliance with the provisions of Rule C(6).  The purpose behind Rule C(6), as the Eighth Circuit has observed, is to inform the court that there is a claimant to the property who wants it back and intends to defend it.  That purpose would be ill-served if any person with an ownership interest in a property were absolved of complying with the applicable filing requirements and were empowered to challenge a forfeiture judgment long after judgment had been entered.

\* \* \*

Patel brought his motion to set aside the default judgment against him pursuant to Federal Rules of Civil Procedure 55(c) and 60(a).  Rule 60 authorizes any party to an action to seek relief from a judgment or order.  As discussed above, Patel's failure to comply with the requirements of Supplemental Rule C(6) precludes him from establishing standing as a party to the forfeiture action.  In short, because Patel lacks standing to bring a Rule 60 motion, he cannot challenge the magistrate judge's jurisdiction to hear his motion.

Id. at 1317 (internal citations, quotations, and footnotes omitted.)

If Lido Motel were followed, the undersigned could decide the merits of the motion to set aside forfeiture in the instant case

4

(or at least to determine if ACM has standing to make a claim that it is a party). However, there is some incongruity in determining that the Magistrate Judge may resolve an issue about who is a proper party to the case without the agreement of someone who is contesting his or her exclusion as a party. Logically, it would appear that the exercise of the Magistrate Judge's jurisdiction should not depend on whether, as a matter of substantive law, the person seeking to participate in the lawsuit can properly be deemed to be a party. If that were so, the Magistrate Judge would appear to have the power to make a ruling that would preserve jurisdiction by denying the movant status as a party, but might not have the power to rule that the person would properly be a party, because that "party" would not have consented to the Magistrate Judge's jurisdiction.

The Court is aware of another line of cases that stand for the proposition that, under Article III of the United States Constitution, a magistrate judge does not have authority to rule on a motion to intervene, which is conceptually similar to the issue presented here. See, e.g., New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21 (2d Cir.1993); but see People Who Care v. Rockford Bd. of Ed., 171 F.3d 1083 (7th Cir.1999). In New York Chinese TV, the parties agreed that, pursuant to 28 U.S.C. §636(c), the case would be tried in its entirety by the magistrate judge. The magistrate judge denied a motion to intervene, and the proposed intervenors appealed. The Court of Appeals concluded that the proposed intervenors' consent to the Magistrate Judge's jurisdiction could not be inferred and that, without express consent from the proposed intervenors, the magistrate judge lacked consent of all parties under §636(c) to make a ruling that, as a practical matter, was dispositive of the intervenor's interests. New York Chinese TV, 996 F.2d at 24-25. Conversely, in People Who Care, the Seventh Circuit Court of Appeals concluded that "the

5

power to rule on motions to intervene is a necessary and proper incident of the magistrate judge's power to decide the underlying case." People Who Care, 171 F.3d at 1089.

In the instant case, ACM's position is similar to those individuals in the cases cited, *supra*. Thus, given the array of different holdings in Lido Motel, New York Chinese TV, and People Who Care, and the fact that there appears to be no precedent from the Sixth Circuit Court of Appeals, the Court concludes that it is a better exercise of discretion to recommend that the Order of Reference be withdrawn and jurisdiction be returned to the United States District Judge pursuant to 28 U.S.C. §636(c)(4). A decision to the contrary could result in an unnecessary expenditure of judicial resources if the Magistrate Judge decided the merits of ACM's motion only to have a subsequent Court hold that the Magistrate Judge did not have the jurisdiction to make that ruling.

III.

A forfeiture proceeding is an action against the seized property, not a claimant, under the legal fiction that the property is guilty of facilitating the alleged crime. United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 n.12 (11th Cir.1987). Because the claimant is not an original party to the government forfeiture action, the claimant must have both Article III and statutory standing to file a claim to challenge a government forfeiture action. United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir.1998). In order to achieve Article III standing, which is required for any action brought in federal court, a claimant must demonstrate "a legally cognizable interest in the defendant property. A property interest less than ownership, such as possessory interest, is sufficient to create standing." United States v. $267,691.07 in U.S. Currency, 916 F.2d 1104, 1107 (6th Cir.1990). To satisfy statutory standing, a claimant must strictly comply with the Supplemental Rules for

6

Certain Admiralty and Maritime Claims. Id. at 1108; Supp. Rules for Certain Admiralty and Maritime Claims Rule C(6); see also 18 U.S.C. §983(a)(4)(A). Absent a claim, the putative claimant is not a party to the action and cannot contest the government forfeiture. See id.; see also United States v. 8136 S. Dobson Street, Chicago, Illinois, 125 F.3d 1076, 1082 (7th Cir.1997)("Absent the claim, the putative claimant is not a party to the action"); United States v. One Urban Lot, 978 F.2d 776 (1st Cir.1992)("Before a claimant in a forfeiture case can file an answer and defend on the merits, a claim must be filed. If no claim is filed, a putative claimant lacks standing to contest a forfeiture").

In its memorandum in support of the motion to set aside forfeiture, ACM argues that it has Article III standing because it purchased the real property on July 15, 2005, which creates, at a minimum, a possessory interest in the real property. Further, ACM contends that statutory standing is inapplicable in this case because the United States failed to give ACM proper notice of the forfeiture action when ACM acquired the real property approximately one year after the United States initiated the forfeiture proceeding. ACM also argues that the United States failed, under both federal and Ohio law, to perfect service on Mr. Davidson, which, as a result, voided the forfeiture action in its entirety. Put simply, ACM claims that the case "is about lis pendens. If lis pendens is invalid, the Forfeiture Judgment is not binding on ACM. *** In this Case, lis pendens never attached under Ohio law because the United States never obtained personal jurisdiction over Hubert I. Davidson ... ." (All Columbus Management Inc.'s Reply to the United States of America at p. 3.)

In response, the United States claims that ACM does not have standing as a "party" in this action to challenge the forfeiture judgment. Specifically, the United States argues that ACM is not a "party" to the lawsuit within the requirements of Fed.R.Civ.P.

60(b), and, therefore, cannot make a motion to set aside forfeiture. Additionally, the United States contends that ACM failed to intervene or file a claim in accordance with the Supplemental Rules and that this failure precludes ACM from asserting a claim for the real property. Finally, the United States highlights the fact that Mr. Davidson has not challenged service of process, and, therefore, ACM should be precluded from asserting a standing challenge on his behalf.

For the purposes of this Report and Recommendation, the Court will not address whether ACM has Article III standing. Instead, the Court will focus on whether ACM complied with the statutory standing requirements to make a valid claim to the real property. Under the Supplemental Rules for Certain Admiralty and Maritime Claims, the government initiates a forfeiture proceeding by filing a complaint in the district where the property is located. Supp. Rules for Certain Admiralty and Maritime Claims Rule C(2). Once the complaint is filed, the district court evaluates whether the circumstances warrant an action *in rem*, and, if they do, the district court issues a warrant for the property's arrest. Supp. Rules for Certain Admiralty and Maritime Claims Rule C(3). The government then is required to publish a notice of forfeiture in a newspaper of general circulation in the district, specifying the time in which the potential claimants can answer. Supp. Rules for Certain Admiralty and Maritime Claims Rule C(4). Finally, a person who

> asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right (A) within 30 days after the earlier of (1) the dates of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or (B) within the time that the Court allows.

Supp. Rules for Certain Admiralty and Maritime Claims Rule C(6).

8

In the instant case, ACM has not moved to intervene, has not asked for any extension of time to file a claim, and has not complied with the statutory standing requirements. As noted, *supra*, in order to make a claim on a piece of property in a forfeiture action, a party must have both Article III and statutory standing. In this case, it is abundantly clear that ACM does not have statutory standing. ACM raises issues of whether Mr. Davidson was served properly or if lis pendens was attached in this case. Those issues are not relevant to whether ACM, as a potential claimant, satisfied Supplemental Rule for Certain Admiralty and Maritime Claims Rule C(6).

What is relevant, however, is whether ACM may assert claims in a case in which it is not a party or a claimant. The Court recognizes that ACM may have obtained a legally cognizable ownership interest in the real property approximately one year after the United States commenced the forfeiture action. This interest does not give ACM *carte blanche* authority to ignore the statutory standing requirements necessary to make a claim to the property. This is not the first instance where a putative claimant fails to comply with the statutory standing rules, and, as a result, forfeits his or her interest in a piece of property to the United States. See, e.g., 8136 Dodson Street, 125 F.3d 1076 (putative claimant lacked standing and was not a party in the lawsuit to file a Rule 60 motion); Lido Motel, 135 F.3d 1312 (actual property owner did not have standing to challenge forfeiture); One Urban Lot, 978 F.2d 776 (wife of property owner did not have standing to challenge forfeiture); United States v. $38,570 in U.S. Currency, 950 F.2d 1108 (5th Cir.1992)(putative claimant did not comply with the strict compliance of the statutory standing requirements and was precluded from making a claim).

Finally, the Court notes that because ACM is not a party to this lawsuit, ACM cannot make a post-judgment motion for relief

pursuant to Rule 60(b). A Rule 60(b) motion may be made only by "a party or a party's legal representative ...." Fed.R.Civ.P. 60(b). Again, the Court notes that ACM has not satisfied the statutory standing requirements to assert a claim in the real property, nor has it intervened or even requested leave to intervene. Therefore, it is simply not a party who is entitled to request relief under Rule 60(b).

Accordingly, because a putative claimant must strictly adhere to the statutory standing rules in order to assert a claim in a forfeiture action, and ACM has failed to comply with or asked to be excused from those requirements, the Court recommends that the motion to set aside forfeiture be denied.

IV.

For the foregoing reasons, pursuant to 28 U.S.C. §636(c)(4), the Court RECOMMENDS that the Order of Reference (doc. #13) be WITHDRAWN and the case be RETURNED to the district judge for full disposition or until consent of all parties, including ACM, is obtained. Further, the Court RECOMMENDS that the motion to set aside forfeiture (doc. #25) be DENIED because ACM has no standing to challenge the April 19, 2006 Judgment and Decree of Forfeiture.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or

10

District Judge.  S.D. Ohio L.R. 72.4.


                              /s/ Terence P. Kemp
                              United States Magistrate Judge