```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

```
United States of America,       :

        Plaintiff,               :

     v.                          :      Case No. 2:04-cv-0764

Real Property Known and          :      JUDGE FROST
Numbered as 1731-1735 North
Fourth Street, Columbus,         :      MAGISTRATE JUDGE KEMP
Franklin County, Ohio,
                                 :
        Defendant.
```

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This property forfeiture action is before the Court on an Objection to the Magistrate Judge's Report and Recommendation filed by All Columbus Management, Inc. The Report recommended this Court deny ACM's motion to set aside forfeiture because ACM is not a party in this action, and, therefore, does not have standing to file a motion to set aside forfeiture.[1] For the following reasons, the Objection to the Magistrate Judge's Report and Recommendation is overruled and the Report is adopted in its entirety.

I.

When objections are received to a Magistrate Judge's Report and Recommendation, the assigned District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general

---

[1] The Court notes that this Case was referred to the Magistrate Judge for full disposition pursuant to 28 U.S.C. §636(c). Because ACM was not a party to that Order of Reference and did not consent to the Magistrate Judge's jurisdiction, this Court retained jurisdiction under 28 U.S.C. §636(c)(4).

objection to the entirety of the magistrate's report has the same affects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991). The Court reviews the report de novo.

II.

The Magistrate Judge concluded that ACM cannot assert a claim in a case in which it is not a party. The Magistrate Judge recognized that ACM failed to follow the statutory standing requirements necessary to becoming a claimant in a forfeiture action. Additionally, the Magistrate Judge noted that ACM failed to move to intervene or ask for any extension of time to file a claim on the North Fourth Street property. The court stated:

> In the instant case, ACM has not moved to intervene, has not asked for any extension of time to file a claim, and has not complied with the statutory standing requirements. As noted, *supra*, in order to make a claim on a piece of property in a forfeiture action, a party must have both Article III and statutory standing. In this case, it is abundantly clear that ACM does not have statutory standing. ACM raises issues of whether Mr. Davidson was served properly or if lis pendens was attached in this case. Those issues are not relevant to whether ACM, as a potential claimant, satisfied Supplemental Rule for Certain Admiralty and Maritime Claims Rule C(6).

(Magistrate Judge's Report and Recommendation at p. 9.)

In response to the Magistrate Judge's conclusion, ACM argues that the Magistrate erred by concluding that ACM did not file a claim in a timely fashion. ACM contends that it never received service from the government once it acquired a legal interest in the North Fourth Street property one year after the United States commenced this civil forfeiture action. ACM claims:

> Because ACM was never properly served, its duty to file a claim under the Supplemental

> Rules was never triggered. As Rule (C)(6)(a) makes clear, a claimant must file a verified statement (the "claim") within 30 days of either: (1) service; (2) completed publication; or (3) in the time allotted by the court. In other words, it is only after proper service that the clock starts running to file a claim. This is no different than starting the clock to file an answer from the day the complaint is properly served. Indeed, any other rule gives rise to serious due process concerns.
>
> \*\*\*
>
> Rather, the Magistrate (implicitly) required ACM to file a claim by March 27, 2005, 30 days after service by publication was completed by the United States as required under Supplemental Rule 6(C). This is remarkable. ACM did not acquire its interest in the Property until July 15, 2005, over three months **after** it was apparently required to file its claim. Not only did ACM not know it had an interest in the Property at the time it was supposedly required to file a claim, it would not have standing even if it did file a claim by March 27 because it had no legal interest in the Property; a person must have an interest in the property to file a claim. The Supplemental Rules do not require this absurd result, nor does the Due Process Clause permit it.

(ACM's Objection to the Magistrate's Report at pp. 3-4 (emphasis in original).)

ACM cites <u>Torres v. $36,256.80</u>, 25 F.3d 1154 (2d Cir.1994), as instructive guidance on how this issue should be resolved. In <u>Torres</u>, Rafael Torres was convicted of drug charges and the government subsequently sought seizure of a $30,000 certificate of deposit. The government sent two notices of seizure by certified mail to Mr. Torres at his last known prison address, and both notices were returned, labeled "Not at Chester County Prison."

3

Additionally, the government published a notice of forfeiture for three consecutive weeks in the *USA Today* newspaper. No claims were made on the property and the CD was forfeited to the government.

Clara Torres, Rafael's wife, became aware of the forfeiture action eight months after the government seized the money. Ms. Torres claimed, with affidavits and additional bank documents, that the money was legally hers because she loaned Mr. Torres the $30,000 in question to establish good credit. Ms. Torres made a claim on the money, but the district court concluded that Ms. Torres did not show a sufficient interest to give her standing to contest the forfeiture. The Court of Appeals disagreed and reversed.

The appellate court stated, after concluding that Ms. Torres did have standing, that the failed mailed notice to Mr. Torres was inadequate. Thus, Ms. Torres was not foreclosed from making a claim against the property. The court opined:

> The argument might be made that, because Clara's ownership was undisclosed, the government had no obligation to send written notice to her and could rely solely on the notice by publication. We see no merit to this contention. Assuming the facts to be as Clara contends, although she organized her affairs in such a manner that the DEA could not know of *her ownership interest*, the identity of her legal representative was apparent. While she, as undisclosed beneficiary of a constructive trust, had no right to have notification of the seizure sent to her personally, she was entitled to have adequate notice sent to her trustee or nominee where the bank's records listed him as the owner. We can see no rational support for the proposition that one who chooses to hold one's property through a trustee or nominee gives up not only the right to be personally notified but also the right to have the trustee or nominee notified of seizure by the government.

Id. at 1161 (interest in original).

4

The holding in Torres is similar to the instant case.  First, the Court highlights the Second Circuit Court of Appeals' rationale that Ms. Torres has no right to receive notification of forfeiture directly from the government because she was an undisclosed beneficiary of the $30,000.  Like Ms. Torres, ACM had no right to receive notification of forfeiture from the government because ACM did not have a legally cognizable interest in the North Fourth Street property until one year after the government initiated a forfeiture action.  As the Court of Appeals noted, Ms. Torres' trustee or nominee had the right to receive adequate and proper notification.  Id.

Second, the Court of Appeals noted Ms. Torres' actual interest as an undisclosed beneficiary in the money at the time of forfeiture.  In the instant case, ACM had absolutely no interest in the North Fourth Street property at the time the government initiated forfeiture.  This is one step removed from the conclusion that "[w]e can see no rational support for the proposition that one who chooses to hold one's property through a trustee or nominee gives up not only the right to be personally notified but also the right to have the trustee or nominee notified of seizure by the government."  Id.  ACM had no right to receive notification of forfeiture at the time the government instituted this action.

What makes Torres most instructive, however, is the major difference between Torres and this case - the manner in which Ms. Torres asserted her claim.  Ms. Torres initiated an action that was separate from the original forfeiture action, in which she asserted her claim in the $30,000.  See Torres v. $36,256.80, 827 F.Supp.197 (S.D.N.Y. 1993).  Filing a lawsuit to claim an interest in the $30,000 made her a party, in that case the plaintiff, in an action to assert her alleged ownership in the money and challenge the government's forfeiture.  Once she was a party, the Court of Appeals concluded that she did have standing to claim an interest

5

in the $30,000.

In the instant case, ACM is not a party, and, therefore, cannot assert an interest or claim in the North Fourth Street property.  The Magistrate Judge did not conclude that ACM, or entities in ACM's position, could never assert a legally cognizable claim in a property purchased after a forfeiture action commenced. Rather, the Magistrate Judge simply concluded that ACM must first become a party in a lawsuit in order to attack or challenge the judgment.  While ACM may find this conclusion "absurd," (see ACM's Objection at p. 4), the Court agrees that ACM failed to utilize the Supplemental Rules, request an extension of time to file a claim, file a motion to intervene, or initiate a new lawsuit, all of which potentially could make ACM a party.  Without first being a party, ACM has no standing to file a motion to attack a judgment.  The Magistrate Judge's conclusion that ACM does not have standing in the current posture of this case is correct.

III.

Based on the foregoing, ACM's Objection to the Magistrate's Report and Recommendation (doc. #34) is OVERRULED and the Magistrate's Report is ADOPTED IN ITS ENTIRETY.  ACM's motion to set aside forfeiture (doc. #25) is DENIED.

/s/ Gregory L. Frost
Gregory L. Frost
United States District Judge